IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACOB BURRIS, as Administrator of the Estate of Maurice L. Burris, deceased, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN A. CULLINAN, M.D., et al., <br><br> Defendants. | ) ) ) ) ) ) ) )  No. 09-3116 ) ) ) ) ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants Stephen H. Cullinan, M.D.'s, and Health Professionals, Ltd.'s Motion *In Limine* (Motion ) (d/e 47). Plaintiff has filed Plaintiff's Response to Motion *In Limine* (d/e 51).

This matter is fully briefed and ripe for adjudication. For the following reasons, the Motion is denied.

FACTS

On November 24, 2007, authorities arrested Maurice L. Burris and placed him in the Sangamon County, Illinois, Jail. During the night of

1

December 1, 2007, Burris began experiencing extreme abdominal pain. He vomited blood, had elevated heart and respiratory rates, was doubled over in pain in his cell, and experienced a burning sensation when urinating. Over the course of the next several days, Plaintiff alleges that Defendants continuously ignored Maurice Burris' requests for medical assistance and provided insufficient medical care. On December 4, 2007, Burris was rushed to St. John's Hospital in Springfield, Illinois. Doctors diagnosed him with septic shock, cardiac arrest, a perforated ulcer, and anoxic brain injury. The Sangamon County State's Attorney dismissed charges against Burris on December 6, 2007. Response, Ex. A. Unfortunately, Maurice Burris died in the hospital on December 12, 2007.

Jacob Burris, Maurice Burris' son, brought this suit on behalf of Maurice Burris' estate, alleging that all Defendants violated Burris' Fourteenth Amendment rights, and making claims under Illinois law against Defendants Cullinan and Health Professionals, Ltd. (collectively the HPL Defendants) for medical negligence. Complaint (d/e 1). The HPL Defendants then filed a Motion to Dismiss, and Defendants Durr, Sangamon County, Brauer, Sangamon County Sheriff's Department, and Williamson (collectively County Defendants) filed their Cross-Claim against

the HPL Defendants.  Motion to Dismiss (d/e 16); Cross-Claim (d/e 26).

The HPL Defendants also moved to dismiss the Cross-Claim.  Motion to

Dismiss Co-Defendants' Cross-Claim for Contribution (d/e 28).  The Court

denied the HPL Defendants' Motion to Dismiss Plaintiff's claims, but

granted dismissal of the Cross-Claim.  Opinion of October 23, 2009 (d/e

31).  Plaintiff then filed his Amended Complaint (d/e 32), and the County

Defendants filed their Cross-Claim Upon Amended Complaint (d/e 37) in

order to preserve the issue for appeal.  Consistent with its earlier holding,

the Court again dismissed the County Defendants' Cross-Claim against the

HPL Defendants.  Text Order of March 12, 2010.

    The HPL Defendants then filed this Motion, seeking to limit Plaintiff's recovery of damages at trial.

## ANALYSIS

    The HPL Defendants argue that, at the time of the events alleged in the Amended Complaint, Burris was, by virtue of his incarceration, a ward of the State of Illinois.  As such, the HPL Defendants, citing 730 ILCS 125/17, maintain that Burris was incapable of incurring medical expenses.

    Under the Illinois County Jail Act, the warden of a county jail is required to reimburse any medical provider who renders services to a person

in the warden's custody. 730 ILCS 125/17. However, "[t]o the extent that such [inmate] is reasonably able to pay for such care, including reimbursement from any insurance program or from other medical benefit programs available to such person, he or she shall reimburse the county or the arresting authority." 730 ILCS 125/17.

The HPL Defendants' argument is erroneous. They state that Maurice Burris "had no duty or responsibility to pay for his medical expenses during his incarceration." Motion, p. 2. While the statute initially places the burden on the county or arresting authority to pay a prisoner's qualified medical expenses, it also clearly states that a prisoner has an obligation to reimburse the county or arresting authority to the extent that the prisoner can afford to do so.

The fact that certain of the County Defendants may have paid Maurice Burris' medical expenses is irrelevant. Under Illinois' iteration of the collateral-source rule, a victorious plaintiff can recover the reasonable value of all medical expenses incurred, notwithstanding that a third party paid on the plaintiff's behalf. Wills v. Foster, 892 N.E.2d 1018, 1030 (Ill. 2008). If Plaintiff here prevails, he is entitled to recover the full reasonable value of all medical expenses incurred by Maurice Burris due to Defendants'

4

actions.

Finally, as Plaintiff indicates, under the County Jail Act the County Defendants were liable only for Maurice Burris' medical expenses incurred from December 4, 2007, through December 6, 2007. At 11:40 a.m. on December 6, 2007, the charges against Maurice Burris were dropped, and he was no longer in custody. From that time until his death on December 12, 2007, it is indisputable that Maurice Burris incurred and was responsible for his own medical expenses, and the HPL Defendants' arguments to the contrary are without merit.

THEREFORE, the Motion *In Limine* (d/e 47) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: April 26, 2010

    FOR THE COURT:

                                       s/ Jeanne E. Scott
                                       JEANNE E. SCOTT
                                  UNITED STATES DISTRICT JUDGE