IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACOB BURRIS, as Administrator of the Estate of MAURICE L. BURRIS, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-3116 |
| STEPHEN A. CULLINAN, M.D.; HEALTH PROFESSIONALS, LTD.; LEE ANNE BRAUER, R.N.; SANGAMON COUNTY SHERIFF'S DEPARTMENT; NEIL WILLIAMSON, individually and in his official capacity as Sheriff of Sangamon County; TERRY DURR, individually and in his official capacity as Superintendent of Sangamon County Jail; and SANGAMON COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the "Motion for Bifurcation, or in the Alternative, to Bar Evidence of Dr. Cullinan's Net Worth Until Such Time That the Court Concludes That There is Sufficient Evidence

Offered to Create the Possibility of a Punitive Damages Award" (Motion) (d/e 149), filed by Defendants Stephen Cullinan, M.D. and Health Professionals, Limited (HPL).  For the reasons stated below, the Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In May 2011, Plaintiff filed a Second Amended Complaint for a six-count civil rights suit against Defendants pursuant to 42 U.S.C. § 1983.  Counts I and III of the Second Amended Complaint are brought under § 1983 against Defendants Cullinan and HPL respectively.  Those Counts allege Cullinan and HPL were deliberately indifferent to Maurice Burris' 14th Amendment rights to basic health care needs.  Counts I and III request punitive damages.

Defendants Cullinan and HPL now move for a trial bifurcated on liability and damages pursuant Federal Rule of Civil Procedure 42(b). Plaintiff has filed a response.

## ANALYSIS

Defendants contend that bifurcation is warranted for the following

reasons: (1) admitting evidence of Dr. Cullinan's net worth before there is a finding of liability may improperly influence the jury's determination of liability; (2) bifurcation will promote judicial economy as trial time will be saved in the event the jury renders a verdict in favor of the Defendants; (3) Plaintiff will not be prejudiced by bifurcation; and (4) Plaintiff's Seventh Amendment rights will not be violated.

Under Rule 42(b) a district court may order separate trials of claims or issues if the separation would: (1) prevent prejudice to a party; or (2) promote judicial economy. Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999). If one of these conditions is met, a district court may order bifurcation as long as the non-moving party is not unfairly prejudiced or it does not violate the Seventh Amendment. Chlopek v. Federal Ins. Co., 499 F.3d 692, 700 (7th Cir. 2007). "The ultimate decision to bifurcate under Rule 42(b) is at the court's discretion and will be overturned only upon a clear showing of abuse." Houseman, 171 F.3d at 1121.

Courts in this Circuit have made it clear that bifurcation is not the

"preferred method" and should not be routinely ordered.  Challenge Aspen v. King World Productions Corp., 2001 WL 1403001, at *2 (N.D. Ill. 2001).  See also Hydrite Chemical Co. v. Calumet Lubricants Co., 47 F.3d 887, 890 (7th Cir. 1995) (district courts have the authority to bifurcate in "appropriate cases").  The party seeking bifurcation has the burden to show that it is warranted in their case.  Challenge Aspen, 2001 WL 1403001, at *1.

Here, Defendants argue that they will be prejudiced unless the Court bifurcates damages and liability determinations.  Defendants also argue that bifurcation will promote judicial economy.  Defendants assert that bifurcation is necessary to prevent the jury from improperly considering damages when evaluating liability.  According to Defendants, any evidence concerning Dr. Cullinan's net worth is overly prejudicial in that it pertains only to the amount of punitive damages and has the potential to improperly sway the jury.  However, Defendants' Motion and accompanying memorandum offer no reference to what Dr. Cullinan's net worth is.  Without such evidence, the Court cannot assess

whether net worth evidence would show Dr. Cullinan is so wealthy that it may be unfairly prejudicial and sway the jury. See Challenge Aspen, 2001 WL 1403001, at *3. Therefore, Defendants have failed to prove an essential predicate of their argument, *i.e.,* prejudice.

Defendants also assert that bifurcation will promote judicial economy because time will be saved in the event that the jury renders a verdict in favor of these Defendants. Defendants anticipate that Plaintiff will offer a significant amount of evidence and testimony in support of the damages claimed. According to Defendants, this evidence and testimony is unnecessary unless and until a verdict is entered against these Defendants. In response to the Motion, Plaintiff asserts that the Defendants did not make a *prima facie* showing that liability will not actually occur. Therefore, Plaintiff believes that Defendants cannot argue the interest of judicial economy would be served by bifurcation.

Courts consider two factors to determine if judicial economy will be served: (1) the likelihood that a finding of no liability will occur; and (2) whether the additional issues avoided by a finding of no liability are

complex and time consuming.  A.L. Hansen Mfg. Co. v. Bauer Products, Inc., 2004 WL 1125911, at *2.  Defendants have provided no argument on the likelihood that a finding of no liability will occur.  Moreover, the Court concludes any potential prejudice can be prevented by other means.  As will be discussed below, the Court can bar parties from introducing evidence of Dr. Cullinan's net worth until such time as the Court concludes that there is sufficient evidence offered to create the possibility of a punitive damages award.  The Court can also fashion jury instructions that direct the jury on the use of net worth evidence if it is offered.  See Challenge Aspen, 2001 WL 1403001, at *2 (stating the trial judge can: (1) control the timing of evidence; and (2) fashion jury instructions to effectively direct the jury as to what use to make of net worth evidence if such evidence is offered).  Moreover, the only evidence relevant to punitive damages that likely would be entirely separate from liability issues is evidence concerning net worth.  That evidence is not likely to be extensive, and therefore little in the way of judicial economy would be served by severing punitive damages issues.  See id.

Accordingly, the Court concludes Defendants have not established that bifurcation will avoid prejudice and promote judicial efficiency. Therefore, the part of Defendants' Motion seeking bifurcation of the liability and damages phases of the trial will be denied.

Alternatively, Defendants ask that, in the event this Court denies bifurcation of the issues of liability and damages, the Court enter an order barring any party from introducing evidence of Dr. Cullinan's net worth until such time as the Court concludes that there is sufficient evidence offered to create the possibility of a punitive damages award. Again, Defendants assert that any evidence regarding Dr. Cullinan's net worth would be unduly prejudicial as it has the likelihood to sway the jury on the issue of liability.

As stated above, bifurcation was denied; partially because there are means short of bifurcation to alleviate potential prejudice. As the magistrate judge in Challenge Aspen, 2001 WL 1403001, at *3, stated:

> [T]he trial judge in this case can control the timing of evidence offered so that no evidence of net worth is admitted unless and until the judge concludes that enough evidence has been offered to create the possibility of a punitive damages

award; that would address the defendants' claim that evidence of net worth should not be given to the jury considering liability because the evidence is thin as to why defendants should be liable at all, much less exposed to a punitive damages claim.

The <u>Challenge Aspen</u> court also stated the trial judge could effectively instruct the jury as to what use to make of net worth evidence if such evidence is offered at trial.  <u>Challenge Aspen</u>, 2001 WL 1403001, at *3.  The Court determines that following such a course in this case is warranted.  Therefore, the Court will grant the part of Defendants' Motion seeking to bar evidence of net worth until such time as the Court concludes that there is sufficient evidence offered to create the possibility of a punitive damages award.

## CONCLUSION

For the reasons state above, the Defendants' Motion (d/e 149) is DENIED IN PART and GRANTED IN PART.  As it relates to bifurcation, the Motion is DENIED.  However, the Court GRANTS the portion of the Motion seeking to bar evidence of Dr. Cullinan's net worth until such time as the Court concludes that there is sufficient evidence

offered to create the possibility of a punitive damages award.

IT IS SO ORDERED.

ENTERED: July 26, 2011.

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE